ARTHUR D. LEVY (SB # 95659)
445 Bush Street, 6th Floor
San Francisco, California 94108
Tel.:     (415) 702-4550
Fax:     (415) 814-4080

BRYAN KEMNITZER (SB # 66401)
KRISTIN KEMNITZER (SB # 278946)
KEMNITZER, BARRON & KRIEG, LLP
445 Bush Street, 6th Floor
San Francisco, California 94108
Tel.:     (415) 632-1900
Fax:     (415) 632-1901

NOAH ZINNER (SB # 247581)
HOUSING AND ECONOMIC RIGHTS ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, California 94612
Tel.:     (510) 271-8443
Fax:     (510) 868-4251

Attorneys for Plaintiff
BARBARA VELLINE
Individually and on Behalf of
All Others Similarly Situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA VELLINE, individually and on behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>JP MORGAN CHASE BANK, N.A., a national association; and DOES 1 through 20,<br><br>　　　　　　Defendants. | Case No.  CV 14-01916 JD<br><br>**PLAINTIFF'S NOTICE OF DECISION BY NINTH CIRCUIT COURT OF APPEALS AND REQUEST FOR STATUS CONFERENCE**<br><br>UNLIMITED JURISIDICTION<br>CLASS ACTION |

1  Plaintiff hereby notifies the Court that a Memorandum Opinion was issued by the Ninth Circuit in *Kuns v. Ocwen Loan Servicing, LLC*, No. 13-55562, on May 21, 2015. The Ninth Circuit's Opinion, which has been marked as "NOT FOR PUBLICATION," is attached.  Federal Rule of Appellate Procedure 32.1(a) and Ninth Circuit Rule 36-3(b) allow the citation of this Opinion and permit Plaintiff to call it to this Court's attention for the present limited purposes.

Plaintiff requests a Status Conference with the Court or, in the alternative, a directive and calendar as to further proceedings in this case.

DATED:  May 21, 2015              /s/ Arthur D. Levy
                                    ARTHUR D. LEVY (SB # 95659)

                                  BRYAN KEMNITZER (SB # 66401)
                                  KRISTIN KEMNITZER (SB # 278946)
                                  KEMNITZER, BARRON & KRIEG, LLP

                                  NOAH ZINNER (SB # 247581)
                                  HOUSING AND ECONOMIC RIGHTS ADVOCATES

                                  Attorneys for Plaintiff
                                  BARBARA VELLINE
                                  Individually and on Behalf of
                                  All Others Similarly Situated



FILED

MAY 21 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY KUNS, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>   Plaintiff - Appellant,<br><br>   v.<br><br>OCWEN LOAN SERVICING, LLC, a Delaware limited liability company,<br><br>   Defendant - Appellee. | No. 13-55562<br><br>D.C. No. 2:12-cv-07118-DMG-PLA<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted April 10, 2015
Pasadena, California

Before: SILVERMAN and BEA, Circuit Judges and QUIST,[**] Senior District Judge.

Plaintiff Jeffrey Kuns appeals the district court's dismissal with prejudice of

his putative class action complaint against Defendant Ocwen Loan Servicing, LLC.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

-2-

We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's decision *de novo*, construing the facts alleged in the complaint in the light most favorable to the plaintiff.  *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1207 (9th Cir. 2013).  We affirm in part and reverse in part the district court's decision.

Kuns alleges that because his former home was bought with a purchase money mortgage and sold through a nonjudicial foreclosure, he had no personal liability for the deficiency that resulted from the foreclosure sale.  Cal. Code Civ. Proc. §§ 580b, 580d.  Ocwen was nonetheless reporting the deficiency amount to credit reporting agencies such as Equifax.  After Kuns filed for bankruptcy, Ocwen reported that the deficiency was discharged via the bankruptcy.  Kuns alleges that Ocwen's reporting of the deficiency, without being accompanied by additional information to indicate Kuns' lack of personal liability, violated Ocwen's obligation under California's Consumer Credit Reporting Agencies Act ("CCRAA") to not report information that Ocwen "knows or should know . . . is incomplete or inaccurate."  Cal. Civ. Code § 1785.25(a).  The district court concluded that Ocwen had no "affirmative duty" under the CCRAA to indicate that the deficiency could not be collected from Kuns, and dismissed the complaint.

The CCRAA does not define what constitutes "incomplete or inaccurate" reporting.  Nevertheless, in interpreting the Fair Credit Reporting Act (the

-3-

CCRAA's federal analogue) and other provisions of the CCRAA, we have held that "an item on a credit report can be 'incomplete or inaccurate' . . . because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Carvalho v. Equifax Info. Servs.*, 629 F.3d 876, 890 (9th Cir. 2010) (*quoting Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)). In general, "similar terms appearing in different sections of a statute should receive the same interpretation," and this court also "operate[s] under the assumption that California courts would interpret the FCRA and CCRAA consistently." *Carvalho*, 629 F.3d at 890. On this basis, we interpret the phrase "incomplete or inaccurate" in CCRAA § 1785.25(a) as requiring that furnishers of credit information such as Ocwen not only refrain from making any reports that are obviously wrong or missing crucial data, but also that the reports not contain information that is materially misleading.

In light of this discussion, Kuns's allegation that Ocwen's reporting was "incomplete or inaccurate" regarding his personal liability for the foreclosure deficiency stated a claim under CCRAA § 1785.25. We note that unlike the company in *Wang v. Asset Acceptance, LLC*, which faced only the potential of the debtor raising a statute of limitations defense, Ocwen itself had made an election of remedies when it sold Kuns's home in a non-judicial foreclosure, thereby changing

-4-

the collectibility of the debt. 681 F. Supp. 2d 1143 (N.D. Cal. 2010). The anti-deficiency laws' protection against post-foreclosure personal liability is complete and nonwaivable, in contrast to the affirmative defense of the statute of limitations that the debtor in *Wang* could raise. *See DeBerard Props. v. Lim*, 976 P.2d 843 (Cal. 1999) (holding that anti-deficiency laws' protection is nonwaivable). Because Kuns' complaint stated a claim under CCRAA § 1785.25, the district court should not have granted Ocwen's motion to dismiss that component of the complaint.

However, the district court correctly concluded that, after Kuns filed for bankruptcy and Ocwen reported the deficiency as discharged in the bankruptcy, this reporting could not have been "incomplete or inaccurate" within the meaning of CCRAA § 1785.25. There is no allegation that Ocwen did anything other than accurately report the action taken by the bankruptcy court. Therefore, we **AFFIRM IN PART**, **REVERSE IN PART,** and **REMAND** for proceedings consistent with this Memorandum.

Each party shall bear its own costs.